UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**WISCONSIN LABORERS HEALTH FUND,**
**BUILDING & PUBLIC WORKS LABORERS VACATION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP & TRAINING FUND,**
and **JOHN J. SCHMITT (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

      Plaintiffs,

 v.             Case No. 19-cv-147

**PROTERRA GRADING, LLC**

      Defendant.
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Proterra Grading, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements,

trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiffs' Funds are administered in Dane County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers District Council is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working

dues.  Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

6. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plans governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin  53532.

7. Proterra Grading, LLC is a Wisconsin corporation, engaged in business, with principal offices located at 5040 28th Avenue, Kenosha, Wisconsin, 53140-0000. Its registered agent for service of process is Renee Lynn Prostko, 5040 28th Avenue, Kenosha, Wisconsin, 53140-3042.

**Facts**

8. Proterra Grading, LLC is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

9. For all times relevant, Proterra Grading, LLC was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council (hereinafter "Union").

10. The Union represents, for purposes of collective bargaining, certain C.A. Reid employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

11. The Labor Agreements described herein contain provisions whereby Proterra Grading, LLC agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

12. By execution of said Labor Agreements, Proterra Grading, LLC adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Proterra Grading, LLC has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b.    to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

14.    Proterra Grading, LLC has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Proterra Grading, LLC's covered employees; and

-5-

    b.    failing to accurately report employee work status to the Plaintiffs.

15.    ERISA § 502(g)(2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the Court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the Court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16.    ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17.    Despite demands that Proterra Grading, LLC perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed,

neglected, omitted, and refused to make those payments. Proterra Grading, LLC is now indebted to the Plaintiffs as follows:

<u>Audit Period:  February 1, 2015 to January 31, 2017</u>

| | |
|---|---:|
| Wisconsin Laborers Health Fund | $7,440.47 |
| Building & Public Works Wisconsin Laborers Vacation Fund | 1,025.94 |
| Wisconsin Laborers Apprenticeship & Training Fund | 221.82 |
| Wisconsin Laborers Dues | 873.20 |
| LECET Fund | 77.64 |

<u>Unaudited Period: February 1, 2017 through the Present</u>:

| | |
|---|---:|
| Wisconsin Laborers Health Fund | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Wisconsin Laborers Dues | Unknown |
| LECET Fund | Unknown |

## Claim One - Against Proterra Grading, LLC Defendant
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

18. As and for a claim for relief against Proterra Grading, LLC., Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19. For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund, Building & Public Works Laborer's Vacation Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

20. Due demand has been made by the Funds upon Proterra Grading, LLC for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21.     Because Proterra Grading, LLC has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22.     Because Proterra Grading, LLC has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Proterra Grading, LLC

    A.  For $8,628.23 representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering February 1, 2015 through January 31, 2017.

    B.  For unpaid contributions and interest owed to the Funds for the period February 1, 2017 through the present;

    C.  For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      D.      Actual attorney fees and the costs of this action.

    2.      For such other, further, or different relief as the Court deems just and proper.

**Claim Two - Against Defendant Proterra Grading, LLC**
**Violation of LMRA § 301 (29 U.S.C. § 185)**

    23.      As and for a second claim for relief against Proterra Grading, LLC, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above and incorporate the same as though fully set forth herein word for word.

    24.      For the purposes of this claim (Claim Two), the LECET Funds is hereinafter referred to as the "Fund" and the Wisconsin Laborers District Council is hereinafter referred to as the "Union."

    25.      Due demand has been made upon Proterra Grading, LLC for payment of all working dues owed to the Union and contributions owed to the Fund and Union but said Defendant has refused to pay them, and amounts remain due and owing.

    26.      Because, as the Fund and Union are informed and believe, Proterra Grading, LLC has not paid timely and prompt working dues and contributions on behalf of union members, the Union's and Fund's incomes are reduced and their members may be forced to pay working dues out of pocket or have eligibility terminated and benefits reduced for which they would otherwise qualify, even though said amounts may have already been deducted from their paychecks by Proterra Grading, LLC.. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm is said Defendant is not mandatorily

-9-

compelled to comply with the Labor Agreements and enjoined from further breaches. Consequently, LMRA has been violated, and the Union and Fund are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Union and Fund demand the following relief:

1. Judgment on behalf of the Union and Fund and against Proterra Grading, LLC as follows:

   A. For $950.84, representing unpaid contributions and interest owed to the Fund and Union for the audit period covering February 1, 2015 through January 31, 2017.

   B. For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to the Fund and Union for the period February 1, 2017 through the date this action was commenced;

   C. For unpaid contributions, interest, and working dues owed to the Fund and Union becoming due and/or arising after the commencement of this action through the date of judgment; and

   D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 25th day of February, 2019.

                                                    s/Christopher J. Ahrens
Christopher J. Ahrens (SBN1043237)
**The Previant Law Firm, S.C.**
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-203-0514 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs